NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONG H. KIM, <br><br> Plaintiff, <br><br> v. <br><br> WORLD SAVINGS BANK, F.S.B. et al., <br><br> Defendants. | Civil Action No.: 09-2637 (JLL) <br><br><br> OPINION |

**LINARES**, District Judge.

    This matters comes before the Court on Defendants Wachovia Mortgage, F.S.B., f/k/a World Savings bank F.S.B. ("Wachovia Mortgage") and Wells Fargo Bank. N.A's (Wells Fargo) motion to dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint asserts a claim for various violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Federal Reserve Board Regulation Z. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendants' motion is granted.

**I.    BACKGROUND**

    On or about May 3, 2005, Plaintiff purchased a house with an adjustable rate mortgage ("ARM") from World Savings. (Am. Compl. ¶¶ 2-3.) World Savings was subsequently purchased by Wachovia who in turn was purchased by Wells Fargo in late 2008. (Id. at ¶¶ 7-8.) At some point "[p]rior to the filing of the [original] Complaint, Plaintiff stopped making monthly

mortgage payments to Wells Fargo." (Id. at ¶ 7.) As a result, Wells Fargo began foreclosure proceedings against Plaintiff. (Id. at ¶ 8.) Plaintiff thereafter commenced the present action against Defendants.

Defendants moved on June 19, 2009, to dismiss Plaintiff's original Complaint. After various extensions of the briefing for that motion, Plaintiff filed his opposition on October 28, 2009 (hereinafter "Original Opposition"). At the same time, Plaintiff also filed an Amended Complaint. On November 6, 2009, this Court issued an Order stating that, under the circumstances, Plaintiff was permitted to file the Amended Complaint as of right. (See CM/ECF No. 24, at 1-2.) Because this Court also found that the Amended Complaint substantially altered the claims against Defendants, the Court denied Defendants' first motion to dismiss without prejudice to re-file based on the Amended Complaint.

Plaintiff's sole claim in the Amended Complaint is for recoupment against Defendants for alleged violations of TILA, Regulation Z. Plaintiff alleges:

> a) Defendant failed to accurately disclose to Plaintiff that negative amortization would occur and the principal balance of the loan would increase based on the monthly payment cap chosen [by] Plaintiff in violation of Reg. Z 226.19;
> b) Defendant failed to make accurate material disclosures to the Plaintiff in that it understated the finance charge, repayment schedule, total payments, amount financed, repayment schedule, total payments, amount financed and/or annual percentage rate on the [TILA] Disclosure Statement in violation of Reg. Z 226.18;
> c) Defendant failed to provide Plaintiff with the required Adjustable Rate Mortgage ("ARM") brochure and other detailed ARM information, which must be delivered not later than three (3) business days after a creditor receives Plaintiff's application pursuant to Reg. Z. § 226.19(b);
> d) Defendant failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.S. § 1638(b) and Regulation Z § 226.17(b);
> e) Defendant failed to make the required disclosures clearly and conspicuously in writing in violation of 15 U.S.C.S. § 1632(a) and Regulation Z § 226.17(a).

(Am. Compl. ¶ 6.) Plaintiff asserts that these violations "were apparent on the face of the

documents." (Id. at ¶ 10.)  These statements represent all of Plaintiff's allegations regarding Defendants' alleged TILA violations.  Defendants' presently move to dismiss the Amended Complaint for failure to state a claim.

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id.  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.  It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  But, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in

original).  Here, Defendants attach to their motion copies of various loan related documents. These are documents which Plaintiff refers to and relies in his Amended Complaint.  Therefore, they are properly considered by the Court for purposes of the present motion.

## III.   DISCUSSION

Defendants argue that Plaintiff's Amended Complaint does not meet the pleading requirements set forth in Iqbal because the allegations are mere conclusory statements and basic recitals of the elements for a TILA violation.  In his opposition to the present motion, Plaintiff states: "Along with the First Amended Complaint, the Plaintiff filed a[n] [Original Opposition] Brief . . . [;] [i]n this brief, the Plaintiff clearly set out . . . a more detailed explanation of the Defendant's violation of TILA."  (Mem. of Law in Support of Response to Def.'s Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter "Pl.'s Opp'n"], at 5; see also id. at 6, 9.)  Thus, Plaintiff argues that, at a minimum, the combination of his Amended Complaint and his Original Opposition brief adequately put Defendants on notice of the claims against them.  Also, in the event this Court finds the pleading inadequate, Plaintiff requests an opportunity to cure any deficiencies in a second amended complaint.  He states simply: "In the alternative the court should not take the drastic measure of dismissing the complaint but instead should grant the Plaintiff the opportunity to amend it."  (Id. at 6.)  Plaintiff did not attach a motion to amend or a proposed second amended complaint to his brief.

First, Plaintiff may not amend his complaint through statements made in his opposition brief, much less an opposition brief to a previous motion that has been terminated.  See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). The sufficiency of Plaintiff's Amended Complaint is determined by evaluating the allegations he actually made in the complaint.  Second, it is clear in the Third Circuit that a district court does

not abuse its discretion by dismissing a complaint without leave to amend where leave to amend was not properly requested.  See Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 206 (3d Cir. 2006) ("If appellants had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance."); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("We conclude that the Lakes' failure to provide a draft amended complaint would be an adequate basis on which the court could deny the plaintiff's request. Moreover, we are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint.") (citation omitted).

After review of the submissions, this Court finds that Plaintiff's Amended Complaint fails to meet the pleading standards set forth in Iqbal and Twombly; the Court dismisses Plaintiff's Amended Complaint.  But, despite the Court's wide discretion to also deny leave to further amend under the circumstances here, this Court will permit Plaintiff one more opportunity to amend his complaint to cure the deficiencies identified below.

Plaintiff makes allegations of five TILA violations.  First, Plaintiff alleges in the Amended Complaint that Defendants did not "accurately disclose . . . that negative amortization would occur."  (Am. Compl. ¶ 6(a).)  Defendants argue that "[t]he possibility of negative amortization . . . was fully disclosed to Plaintiff."  (Mem. of Law in Supp. of the Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter "Defs.' Moving Br."], at 3 (citing the Note signed by Plaintiff).)  In his present opposition brief, Plaintiff asserts that based on the monthly payment he selected, negative amortization was certain to occur, and that disclosing only that it was a possibility violated TILA.  This is not the allegation that he made in his Amended Complaint. Also, although such an allegation would more adequately put Defendants on notice of the TILA

violation alleged, it still fails to identify which disclosures, in which documents, he is alleging were inadequate.  In his present opposition, Plaintiff focuses on the Note, as also cited to by Defendants in their moving brief.  In their reply, Defendants argue that even had this allegation been adequately plead, it nonetheless fails because Regulation Z regulates program disclosures, not disclosures in the Note.  Plaintiff's claim also may be based on statements in other documents.  Therefore, this Court finds that resolution of the legal question of what disclosures must be made where is best resolved after it is clear what documents and statements are at issue.

Second, Plaintiff alleges that Defendants violated TILA by failing to accurately make various disclosures related to the terms of the loan, such as the finance charge and repayment schedule.  Plaintiff provides no details beyond a laundry list of loan term items required to be disclosed under TILA.  In fact, in his present opposition with respect to this particular allegation, Plaintiff focuses only on the disclosed finance charge; it is unclear if he actually is alleging that any of the other items listed in the Amended Complaint were materially inaccurate.  In any amendment, Plaintiff must clearly identify what terms he is alleging are misstated and must provide at least the broad basis for that belief.

Third, Plaintiff alleges that Defendants failed to provide him with the required ARM disclosures.  This allegation is sufficiently detailed on the face of the Amended Complaint.  But, Defendants attached to their motion, and this Court has reviewed, an acknowledgment letter signed by Plaintiff stating that he has received a variety of disclosures.  The document provides a list of documents included with the letter as well as a list of documents that Plaintiff "may also have received . . . with this letter or in your application package."  (Cert. of Diane A. Bettino, Esq. in Supp. of Defs. Wachovia Mortgage, F.S.B. and Wells Fargo Bank, N.A.'s Mot. to Dismiss Pl.'s First Am. Compl., Ex. D.)  Among the list of items Plaintiff may have received is

the "Loan Program Disclosure" which is provided for ARMs. Also attached with their motion is a copy of a Loan Program Disclosure signed by Plaintiff. (Id. at Ex. C.) Thus, it appears Plaintiff did receive an ARM disclosure. In any amendment, Plaintiff must clearly identify which ARM disclosures or materials he alleges he was required to but did not receive.

Fourth, Plaintiff alleges that Defendants did not provide required disclosures prior to closing the loan. No further detail is provided. As noted above, Defendants have provided a letter signed by Plaintiff acknowledging receipt of the TILA disclosures. Again, Plaintiff must clearly identify the disclosures at issue, if any.

Fifth, Plaintiff alleges that Defendants failed to make the required TILA disclosures clearly and conspicuously. The Appendices to Regulation Z contain model disclosures. (See, e.g. Reg. Z, App'x H.) The disclosures provided in this case appear to be based on the Regulation Z models. Plaintiff must identify how the disclosures he received do not so comply.

Aside from the specific TILA violation arguments, Defendants also argue that Wells Fargo should be dismissed as a party because it is a separate legal entity from Wachovia, and Plaintiff has alleged no facts "sufficient to pierce the corporate veil." (Defs.' Mov. Br., at 13.) In his present opposition, Plaintiff asserts that Wells Fargo is an assignee of his mortgage and so a proper defendant. Plaintiff does not make this allegation in his Amended Complaint. Thus, to survive a second dismissal, which will be with prejudice, Plaintiff must plead facts sufficient to establish that Wells Fargo is an appropriate defendant in this matter.

Finally, in response to arguments that Plaintiff makes in his present opposition, Defendants in reply argue that Plaintiff's TILA claim is barred by the statute of limitations. Plaintiff's action was filed more than one year after the alleged violations. But, TILA's one year statute of limitations does not bar "an action to collect the debt which was brought more than one

year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e). Defendants argue that Plaintiff is seeking affirmative independent relief, not asserting a *defense* of recoupment. Plaintiff argues that his action is in defense of the foreclosure action instituted against him. The case cited by both parties, Williams v. Countrywide Home Loans, dealt with an individual who brought his claim after a foreclosure sale had taken place rather than in response to initiation of the foreclosure proceeding. 504 F. Supp. 2d 176, 188-89 (S.D. Tex 2007). In an unpublished opinion, the Third Circuit reached a similar result. See Rocco v. J.P. Morgan Chase Bank, 255 Fed. Appx. 638, 642 (3d Cir. 2007) (noting that "J.P. Morgan has already foreclosed on the property and recorded the deed"). While not clear, Plaintiff's Amended Complaint appears to allege only that Wells Fargo began foreclosure proceedings against him, and that he filed his original Complaint thereafter. Based on these facts, the Court does not find that dismissal based on a statute of limitations bar is appropriate at this point.

**IV.  CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's Amended Complaint is dismissed without prejudice to him to file a second amended complaint to correct the deficiencies identified in this Opinion. An appropriate Order accompanies this Opinion.

DATED: December 23, 2009          /s/ Jose L. Linares
                                                         JOSE L. LINARES
                                                         UNITED STATES DISTRICT JUDGE